IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–00052–MDB

DUANE NAVA,
KIM NAVA, and
MINDY PACHECO,

    Plaintiffs,

v.

GOAL ACADEMY, a Colorado Charter School, and
CONSTANCE JONES, an individual,

    Defendants.

---

## ORDER

---

This matter is before the Court on the "Defendants' Motion to Alter Court's Order to Deny Defendants' Motion to Dismiss as Moot." (Doc. No. 21.) In the Motion, Defendants seek reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), of this Court's Order, entered on February 28, 2023, denying their motion to dismiss Plaintiffs' original complaint as moot. (*Id.*; *see* Doc. No. 17.) No response has been filed to the Motion, though Defendants advise that their request for relief is opposed by Plaintiffs. (Doc. No. 21 at 1); *see* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal

quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed, or to advance arguments that could have been previously raised. *Id.*

On January 6, 2023, Plaintiffs commenced this lawsuit by filing a Complaint, asserting claims under 42 U.S.C. §§ 1981 and 1983. (Doc. No. 1.) On February 6, 2023, Defendants filed a motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a motion to strike the Complaint, pursuant to Federal Rule of Civil Procedure 12(f). (Doc. Nos. 12-13.) On February 27, 2023, Plaintiffs responded to Defendants' motions by filing an Amended Complaint, as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. Nos. 15-16.) In light of Plaintiffs' filing of their Amended Complaint, on February 28, 2023, this Court denied Defendants' motions to strike and dismiss Plaintiffs' original Complaint as moot. (Doc. No. 17.)

In the present Motion, Defendants argue that the Court should "[a]lter" its February 28, 2023 Order denying their motion to dismiss as moot. (Doc. No. 21 at 1.) Although Defendants acknowledge that "ordinarily, an amended complaint supersedes the original complaint and renders it of no legal effect," they contend that they "should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending." (*Id.* at 1-2.) Citing *Bird v. Easton*, 859 F. App'x 299 (10th Cir. 2021), Defendants argue that the Court should "consider the motion [to dismiss] as being addressed to the amended

pleading," because the "defects" in Plaintiffs' initial Complaint "remain in the new pleading." (*Id.* at 2.)

In *Bird*, the Tenth Circuit found no error in the district court's decision to *not* deny a motion to dismiss as moot upon the filing of an amended complaint, given that the alleged defects in the original complaint remained in the new pleading. 859 F. App'x at 302 (citing 6 Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1476 (3d ed.)); *see Murphy Creek Estates, LLC v. Murphy Creek Estates Funding, LLC*, No. 1:22-cv-00304-DDD-NRN, 2022 WL 18674573, at *3 (D. Colo. Nov. 23, 2022) ("A court may permissibly consider a motion to dismiss that was pending when an amended complaint was filed as being addressed to the amended pleading."). However, this does not mean that courts are in any way prohibited from denying motions to dismiss as moot upon the filing of amended pleadings. *Murphy Creek*, 2022 WL 18674573, at *3 (overruling defendants' objection to magistrate judge's order denying their motion to dismiss the original complaint as moot). To the contrary, "[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991); *see, e.g.*, *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that

defendants' motions to dismiss were "technically moot because they are directed at a pleading that is no longer operative").

After review of the present Motion and the entire case file, the Court finds no justifiable reason to reconsider its February 28, 2023 Order, or to reinstate Defendants' motion to dismiss. Defendants do not argue that they have suffered any prejudice from the Court's denial of their motion to dismiss. Nor does the Court find anything within the record to suggest that the denial has affected Defendants' ability to defendant against this lawsuit, particularly at this early stage of the litigation, where a scheduling order has not been entered, and discovery has not yet commenced. Additionally, the Court notes that Defendants' motion to dismiss argues, for example, that "Plaintiffs' Complaint does not contain sufficient nonconclusory factual allegations to support a reasonable inference that establishes municipal liability." (Doc. No. 12 at 4.) But the complaint has been revised to include additional allegations, and the Court cannot readily discern whether any of the new allegations impact Defendants' argument. (*Compare* Doc. No. 1 (forty-seven-page Complaint that contains 431 allegations), *with* Doc. No. 16 (fifty-five-page amended complaint that contains 505 allegations).) Perhaps a revised motion to dismiss with be substantially the same, but the Court needs to be sure Defendants' dismissal arguments align with, and account for, the additional allegations in the Amended Complaint.

Because Defendants have failed to demonstrate a misapprehension of facts, their position, or the controlling law, their motion seeking reconsideration of the February 28, 2023 Order will be denied. *Servants of the Paraclete*, 204 F.3d at 1012.

Accordingly, it is

**ORDERED** that the "Defendants' Motion to Alter Court's Order to Deny Defendants' Motion to Dismiss as Moot" (Doc. No. 21) is **DENIED**.

This 13th day of March, 2023.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge